**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ALLEN ALTO MADDOX, # 246595,　　　*
　　　　　　　　　　　　　　　　　　　*
　　　Petitioner,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　 * CIVIL ACTION NO. 17-00536-TFM-B
　　　　　　　　　　　　　　　　　　　*
GUY NOE,[1]　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　Respondent.　　　　　　　　　*

<u>**REPORT AND RECOMMENDATION**</u>

Allen Alto Maddox, an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docs. 1, 4). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.[2]

---

[1] The Court takes judicial notice of the fact that Guy Noe is now the warden of the Hamilton Aged and Infirmed Center, where Maddox is currently confined. Accordingly, the Clerk is **DIRECTED** to substitute Guy Noe as the Respondent in this case.

[2] Because Maddox filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004). Maddox has failed to establish that an evidentiary hearing is warranted in this case. <u>See</u> <u>Birt</u>

Having carefully considered Maddox's petition (Doc. 4) and Respondent's answer and exhibits (Doc. 10 *et seq.*), the undersigned finds that Maddox's petition is untimely, that equitable tolling is inappropriate, and that Maddox has failed to demonstrate actual innocence. Accordingly, it is **RECOMMENDED** that Maddox's habeas petition be **DISMISSED with prejudice** as time-barred; that judgment be entered in favor of Respondent Guy Noe and against Petitioner Allen Alto Maddox pursuant to 28 U.S.C. § 2244(d); and that Maddox is not entitled to the issuance of a certificate of appealability, nor is he entitled to appeal *in forma pauperis*.

## I. BACKGROUND

On February 3, 2006, following a jury trial, Maddox was convicted in the Circuit Court of Baldwin County, Alabama of two counts of first-degree rape, three counts of first-degree sodomy, and one count of first-degree sex abuse. (Doc. 10-4 at 155-58). On April 27, 2006, Maddox was sentenced to life imprisonment for each of the first-degree rape and first-degree sodomy convictions and ten years for his conviction for first-degree sex abuse. (Id. at 50-51). All of his sentences were ordered to run consecutively. (Id. at 51).

---

v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

At his sentencing, Maddox gave the court oral notice of appeal. (Id. at 52). On direct appeal, Maddox's appointed appellate counsel argued that the trial court erred in denying Maddox's motion to suppress his confession to Baldwin County Sheriff's officers because Maddox was mentally incapable of understanding the implications of waiving his rights under Miranda v. Arizona, 384 U.S. 436 (1966). (Doc. 10-5 at 44). On December 15, 2006, the Alabama Court of Criminal Appeals affirmed the judgment of the circuit court. (Doc. 10-7). Maddox did not file a petition for writ of certiorari with either the Supreme Court of Alabama or the United States Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on January 3, 2007. (Doc. 10-8).

Thereafter, Maddox, proceeding *pro se*, filed his first Rule 32 petition[3] on February 7, 2007.[4] (Doc. 10-9 at 17). The petition

---

[3] Maddox raised a number of issues, including that the trial court lacked jurisdiction to render the judgments or impose the sentences for all seven counts alleged in the indictment based on double jeopardy principles; that the indictment against him was defective because it did not list the times, dates, and places of the alleged offenses; that there was a discrepancy between the indictment and the evidence presented at trial; that the evidence was insufficient for the trial court to submit the case to the jury; and that his appellate counsel was ineffective for not raising these substantive issues on direct appeal. (Doc. 10-9 at 18-41).

[4] Under the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent contrary evidence, that date is presumed to be the date on which the prisoner signed the motion. Id.

was summarily denied by the circuit court on July 31, 2007. (<u>Id.</u> at 6). Maddox appealed, and the Alabama Court of Criminal Appeals affirmed the circuit court's summary denial of Maddox's first Rule 32 petition in a memorandum opinion dated May 23, 2008. (Doc. 10-12). The Alabama Court of Criminal Appeals issued a certificate of judgment on June 11, 2008. (Doc. 10-13).

Maddox filed his second Rule 32 petition in September 2012. (Doc. 10-16 at 7; Doc. 10-22 at 29). After the circuit court summarily denied Maddox's petition, he appealed to the Alabama Court of Criminal Appeals, which remanded the case for the circuit court to certify whether it had ruled on Maddox's *in forma pauperis* request before entering judgment. (<u>Id.</u>). After the circuit court responded that it had not accepted a filing fee or granted Maddox indigent status before ruling on his petition, the Alabama Court of Criminal Appeals dismissed Maddox's appeal for lack of subject matter jurisdiction on August 19, 2013. (Doc. 10-22 at 29); <u>Maddox v. State</u>, 168 So. 3d 173 (Ala. Crim. App. 2013) (Table). The circuit court subsequently granted Maddox's *in forma pauperis* request and dismissed his Rule 32 petition on December 10, 2013. (Doc. 10-14 at 80; Doc. 10-22 at 29). Maddox filed a motion for reconsideration on December 23, 2013, which was denied on December 29, 2013. (Doc. 10-14 at 75). Maddox then filed a notice of appeal on March 27, 2014. (<u>Id.</u>). In an order dated May 23, 2014,

the Alabama Court of Criminal Appeals dismissed Maddox's appeal as untimely. (Id.).

On July 9, 2014, Maddox filed his third Rule 32 petition. (Id. at 5-22). The circuit court summarily dismissed Maddox's third Rule 32 petition on July 31, 2014, and Maddox appealed. (Id. at 80-81, 86). The Alabama Court of Criminal appeals affirmed the circuit court's summary disposition of Maddox's third Rule 32 petition on November 14, 2014. (Doc. 10-17). Maddox filed an application for rehearing on November 23, 2014. (Doc. 10-18). The Alabama Court of Criminal Appeals rejected his application for rehearing on December 5, 2014. (Doc. 10-19). Maddox then filed a petition for writ of certiorari with the Alabama Supreme Court. It was stricken for noncompliance with Rule 39 of the Alabama Rules of Appellate Procedure. (Doc. 10-20). The Alabama Court of Criminal Appeals issued a certificate of judgment on Maddox's third Rule 32 petition on December 17, 2014. (Doc. 10-21).

Maddox filed a fourth Rule 32 petition on March 30, 2015. (Doc. 10-22 at 13-14, 21-22, 24). The circuit court dismissed the fourth petition as successive and time-barred on June 15, 2015. (Id. at 35-36). Subsequent thereto, Maddox appealed the dismissal to the Alabama Court of Criminal Appeals (id. at 41), which issued a memorandum opinion affirming the circuit court's judgment on December 11, 2015. (Doc. 10-25). Maddox filed an application for rehearing, which the Alabama Court of Criminal Appeals rejected on

December 31, 2015.  (Doc. 10-26).  The Alabama Court of Criminal Appeals issued a certificate of judgment on January 20, 2016. (Doc. 10-27).

Maddox filed a fifth Rule 32 petition on or about March 14, 2016, which the circuit court summarily dismissed.  (Doc. 10-28 at 28).  On August 26, 2016, the Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal of Maddox's fifth Rule 32 petition.  (Doc. 10-30 at 10); Maddox v. State, 231 So. 3d 1190 (Ala. Crim. App. 2016) (Table).  Maddox filed a petition for writ of certiorari with the Supreme Court of Alabama, which that court denied on November 10, 2016.  Ex parte Maddox, 239 So. 3d 1117 (Ala. 2016) (Table).  The Alabama Court of Criminal Appeals issued the certificate of judgment on November 10, 2016.  (Doc. 10-30 at 10).

On January 31, 2017, Maddox filed his sixth Rule 32 petition. (Doc. 10-28 at 8-24).  In an order dated March 13, 2017, the circuit court dismissed Maddox's petition as successive and time-barred.  (Id. at 33).  On March 20, 2017, Maddox filed a motion for reconsideration, which the circuit court denied four days later.  (Id. at 34-38).  Maddox then appealed.  (Id. at 39-40). On September 1, 2017, the Alabama Court of Criminal Appeals affirmed the circuit court's summary dismissal of his petition.[5]

---

[5] The Alabama Court of Criminal Appeals observed:

(Doc. 10-31).  Maddox filed an application for rehearing on September 7, 2017 (Doc. 10-32), which the Court of Criminal Appeals overruled on September 22, 2017.  (Doc. 10-33).  The Alabama Supreme Court denied Maddox's petition for writ of certiorari on November 9, 2017, and certificates of judgment were issued by the Alabama Supreme Court and the Alabama Court of Criminal Appeals on that date.  (Docs. 10-35, 10-36).

On November 29, 2017, Maddox filed the instant habeas petition in this Court seeking relief under 28 U.S.C. § 2254.  (Doc. 1).  Per the Court's directive, Maddox re-filed his habeas petition on this Court's § 2254 habeas form petition.  (Doc. 4).  In his petition, Maddox appears to raise a single claim, specifically, that the trial court erred in allowing his confession to be entered into evidence because he requested, but was not provided, an attorney during custodial interrogation.  (See Doc. 4 at 4, 6, 11, 13).

---

We note that allowing Maddox to file multiple petitions for postconviction relief in which his claims are insufficiently pleaded, precluded, or without merit wastes scarce judicial resources.  Therefore, we encourage the circuit court to consider adopting sanctions like those proposed in Peoples v. State, 531 So. 2d 323 (Ala. Crim. App. 1988), and Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of Maddox and other similarly situated inmates.  See Ex parte Thompson, 38 So. 3d 119 (Ala. Crim. App. 2009).

(Doc. 10-31 at 3 n.2).

Respondent contends that Maddox's habeas petition is due to be dismissed because it was filed after the expiration of the one-year limitations period contained in 28 U.S.C. § 2244(d). (Doc. 10 at 4-6). Respondent also asserts that Maddox's claim is procedurally barred because he first raised the claim at the state court level in a successive and untimely Rule 32 petition. (Id. at 6-7). Respondent further argues that Maddox's claim is without merit, because the state court record establishes that he did not request an attorney during his custodial interrogation and because Maddox's own allegation that he made an "equivocal" request for counsel does not entitle him to relief under clearly established federal case law. (Id. at 7).

For the reasons set forth herein, the undersigned **RECOMMENDS** that Maddox's petition be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d).

## II.    STANDARD OF REVIEW.

The Court's review of Maddox's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." Jones v. Walker, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court
proceedings unless the adjudication of the claim –-

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

(e)(1) In a proceeding instituted by an application for
a writ of habeas corpus by a person in custody pursuant
to the judgment of a State court, a determination of a
factual issue made by a State court shall be presumed to
be correct.  The applicant shall have the burden of
rebutting the presumption of correctness by clear and
convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the

state court arrives at a conclusion contrary to that reached by

the United States Supreme Court on a question of law or decides a

case differently from the way the United States Supreme Court did

on a set of materially indistinguishable facts, or if the state

court's decision involves an unreasonable factual determination.

Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent,

538 U.S. 634, 638-41 (2003) (noting that a federal court will

disturb a state court's habeas decision on the merits only if the

petitioner shows that the decision was contrary to, or involved an

unreasonable application of, clearly established constitutional

law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (citations and internal quotation marks omitted); Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citations and internal quotation marks omitted).

Accordingly, in evaluating Maddox's § 2254 petition, the Court takes care to abide by the stricture that "[a] federal court

may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." Hill v. Humphrey, 662 F.3d 1335, 1355 (11th Cir. 2011); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide *de novo* that the petitioner's claim had merit."). Having established the proper standard of review, the Court first examines the timeliness of Maddox's claim.

### III. **ANALYSIS**

### A. **Untimeliness**

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, state prisoners seeking a federal habeas corpus remedy must file their habeas corpus petitions within a one-year period of limitations. The statute provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Maddox has made no showing that he is entitled to rely on any of the triggering dates provided by § 2244(d)(1)(B), (C), or (D). Therefore, the timeliness of Maddox's petition must be calculated under § 2244(d)(1)(A). Under that subsection, the one-year limitations period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006).

The convictions at issue in the instant petition occurred on February 3, 2006, when Maddox was convicted of two counts of first-degree rape, three counts of first-degree sodomy, and one count of first-degree sex abuse. The Alabama Court of Criminal Appeals affirmed Maddox's convictions on direct appeal on December 15, 2006. After Maddox did not file an application for rehearing with the Alabama Court of Criminal Appeals and did not petition the Alabama Supreme Court for a writ of certiorari, the Alabama Court

of Criminal Appeals issued a certificate of judgment on January 3,
2007.  The limitations period for Maddox to file a federal habeas
petition began running on January 4, 2007, the day after the
Alabama Court of Criminal Appeals issued the certificate of
judgment affirming Maddox's convictions.[6]  Thus, in the absence of
a tolling event, Maddox had one year from January 4, 2007 within
which to file his federal habeas petition.

Section 2244(d)(2) of the AEDPA provides for the tolling of
the limitations period pending state court review of a properly
filed application for post-conviction relief.  See <u>In re Hill</u>, 437
F.3d 1080, 1083 (11th Cir. 2006).  Maddox's one-year period of
limitations began on January 4, 2007 and ran until February 7,

---

[6] In general, a judgment becomes final at the expiration of the
ninety-day period in which to seek certiorari review from the
United States Supreme Court. <u>See</u> <u>Nix v. Sec'y for Dep't of Corr.</u>,
393 F.3d 1235, 1236 (11th Cir. 2004).  However, prior to seeking
certiorari review in the United States Supreme Court, a defendant
must seek review from the state's highest court of review.  <u>Pugh</u>,
465 F.3d at 1299.  Since Maddox did not petition the Alabama
Supreme Court for writ of certiorari, he is not entitled to the
ninety-day period in computing the commencement of the running of
his statute of limitations.  <u>See</u> <u>id.</u> at 1300; <u>White v. Price</u>, 2015
U.S. Dist. LEXIS 104896, 2015 WL 4749185, at *4 (N.D. Ala. Aug.
11, 2015) ("Where, as here, a defendant appeals his conviction to
the Alabama Court of Criminal Appeals but does not seek certiorari
review in the Alabama Supreme Court, his conviction become[s]
'final' for purposes of section 2244(d) no later than the date on
which the Alabama Court of Criminal Appeals issues its certificate
of judgment.").

2007, when Maddox filed his first Rule 32 petition.[7]  By then, thirty-four days of the limitations period had elapsed.  The filing of Maddox's first Rule 32 petition tolled the statute of limitations until the certificate of judgment for that petition was issued on June 11, 2008.  The limitations period began to run again on June 12, 2008, at which point Maddox had 331 days remaining.

Maddox filed his second Rule 32 petition in September 2012, and as noted, he filed four additional Rule 32 petitions from 2014 through 2017.  However, Maddox's second and subsequent Rule 32 petitions were not *pending* during the duration of the AEDPA limitations period, which expired in May 2009.  The law is clear that petitions "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in

---

[7] Respondent concedes that Maddox's first Rule 32 petition was a properly filed application for post-conviction relief for AEDPA tolling purposes.  (See Doc. 10 at 4).

state court. A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition."). Because the AEDPA limitations period had already long expired by the time Maddox filed his second and subsequent Rule 32 petitions between 2012 and 2017, those petitions had no tolling effect. Thus, Maddox's federal habeas petition, which was filed more than eight years after the expiration of the AEDPA's one-year deadline, is time-barred, unless Maddox can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

**B. Equitable Tolling.**

Case law directs that the AEDPA limitations period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dep't Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Holland v. Florida, 560 U.S. 631, 645, 649 (2010) ("§ 2244(d) is subject to equitable tolling in appropriate cases. . . . We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Moreover, as a general rule, "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam), cert. denied, 535 U.S. 1080 (2002).

In this case, Maddox has not raised a tolling argument and has failed to establish any basis for equitable tolling of the statutory limitations period. He has neither alleged nor demonstrated that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition with this Court. Maddox has also failed to allege or show that he exercised reasonable diligence in pursuing his rights. See Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002); Shelby v. McNeil, 2010 U.S. Dist. LEXIS 45036, at *13-14, 2010 WL 1850524, at *5 (N.D. Fla. Apr. 14, 2010); Doyle v. Brown, 2008 U.S. Dist. LEXIS 81098, 2008

WL 4593377, at *2 (S.D. Ga. Oct. 14, 2008). Accordingly, Maddox has failed to demonstrate that he qualifies for equitable tolling.

### C. **Actual Innocence.**

Although Maddox does not raise a tolling argument, he does aver that he is actually innocent of the offenses for which he was convicted.[8] (Doc. 4 at 11). Maddox does not appear to assert his actual innocence as an independent constitutional basis for his habeas petition, as he purports to list only one ground for relief in his petition, namely, that he "did not have counsel present during custodial interrogation." (Doc. 4 at 6). Moreover, Eleventh Circuit "precedent forbids granting habeas relief based upon a claim of actual innocence, . . . at least in non-capital cases." Jordan v. Sec'y, Fla. Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007). Therefore, rather than examining Maddox's assertion of actual innocence as a free-standing ground for relief, the undersigned will analyze it for the purpose of determining whether it may permit consideration of the otherwise time-barred constitutional claim set forth in Maddox's habeas petition. See

---

[8] In his petition, Maddox states: "I do not want to die in prison for something I did not do. . . . [Investigator Nolfe] stated Maddox had sexual intercourse with [the alleged victim] at least 50 to 60 times with full vaginal penetration. The doctor report said perfectly normal. . . . There no [sic] physical evidence. Maddox is innocent of this charged [sic]. The girl is a virgin." (Doc. 4 at 11).

<u>Rozzelle v. Sec'y, Fla. Dep't of Corr.</u>, 672 F.3d 1000, 1010-11 (11th Cir. 2012) (per curiam).

The AEDPA's statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 392 (2013).  To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  <u>Rozzelle</u>, 672 F.3d at 1011 (citations omitted); <u>see also</u> <u>House v. Bell</u>, 547 U.S. 518, 538 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").  This "standard is demanding and permits review only in the 'extraordinary' case."  <u>Id.</u> (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  In <u>Schlup</u>, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires petitioner

to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324 (internal citation omitted).

Although he asserts that he is innocent, Maddox does not cite any new, reliable evidence to support his claim. Instead, he merely re-argues the sufficiency of, and the weight afforded, the evidence that was presented at trial. Such arguments, predicated on Maddox's view of the relative import of the evidence presented at trial, cannot sustain a claim of actual innocence. See <u>Rutledge v. Neilsen</u>, 2012 U.S. Dist. LEXIS 124425, at *24, 2012 WL 3778987, at *7 (M.D. Ala. July 30, 2012) (allegations that "merely go to the sufficiency of and/or the weight afforded the evidence presented" are not "new reliable evidence" of petitioner's actual innocence), <u>report and recommendation adopted</u>, 2012 U.S. Dist. LEXIS 123921, 2012 WL 3778984 (M.D. Ala. Aug. 31, 2012). Therefore, Maddox has failed to make the requisite showing of actual innocence to overcome § 2244(d)'s limitations period.

As noted *supra*, Maddox's period of limitation under § 2244(d)(1)(A) expired in May 2009. Since Maddox did not file the instant habeas petition until November 2017 and has failed to demonstrate his entitlement to equitable tolling or that application of any other exception to the time bar is warranted,

the undersigned recommends that the instant habeas petition be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d).[9]

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[9] Because Maddox's petition is clearly time-barred, the Court need not reach the issue of whether Maddox's claim is procedurally barred or decide the merits of Maddox's claim.

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the instant case, Maddox's claims are time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner or demonstrate that he exercised reasonable diligence in pursuing his rights. See Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of "actual innocence" of the offenses for which he was convicted to overcome the time bar. See Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Maddox should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Maddox's petition should be dismissed. As a result, Maddox is not entitled to a certificate of appealability, and he should not be permitted to proceed *in forma pauperis* on appeal.

## V. **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Maddox's petition be **DISMISSED with prejudice** as time-barred, and that judgment be entered in favor of Respondent Guy Noe and against Petitioner Allen Alto Maddox. It is further recommended that the Court find that Maddox is not entitled to a certificate of appealability and that he is not entitled to proceed *in forma pauperis* on appeal.[10]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[10] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **4th** day of **November, 2020.**

        **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**